OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, for reasons stated in that court’s Per Curiam opinion. We would only note the following.
The dissent relies upon the rule that where the sale fails due to the seller’s fault or default, a broker is entitled to-the commission unless the parties clearly intend otherwise. Their reliance is misplaced. The rule is inapplicable where, as here, the brokerage agreement explicitly provides that the commission is due when “title passes”, not merely when the broker has obtained a prospective buyer. In light of such a provision, the rule would apply only if the seller and the broker’s prospective buyer had already entered a sales contract, and the seller’s “fault” or “default”, within the meaning of the rule, would have reference solely to a breach of that sales contract. Indeed, such were precisely, the circumstances in the cases adverted to by the dissent in support of the rule. (See, Colvin v Post Mtge. & Land Co., 225 NY 510, 515-516; see also, the additional cases on point cited in 2 NY PJI 935-936 to which the dissent refers: Levy v Lacey, 22 NY2d 271, 273-274; Stern v Gepo Realty Corp., 289 NY 274, 276-277.) Here, there was no executed sales contract to be breached, and the seller’s mere refusal to enter into one with the broker’s prospective buyer is not a “fault” or “default” of the *902 seller in the absence of any specific commitment by the seller in the brokerage agreement to enter into the sales contract.
A fortiori this conclusion is unavoidable under the well-settled maxim of contra proferentem. If there is any doubt or uncertainty as to the meaning of the disputed language in the brokerage agreement, all ambiguity must be resolved against the broker who prepared it. (See, 151 West Assoc. v Printsiples Fabric Corp., 61 NY2d 732, 734; United States v Seckinger; 397 US 203,216.) Here, the brokerage agreement does not define the phrase “willful default on the part of the seller”, but leaves it fairly susceptible, on its face, to different interpretations. Under these circumstances, the terms should be construed against the broker and, thereby,, limited in their application to seller’s nonperformance of an executed sales contract.