NORTH SITE REALTY CORP. et al., Appellants, v DANIEL P. WALSH et al., Respondents.

Second Department, January 20, 1987

**APPEARANCES OF COUNSEL**

*Marino, Bernstein & La Marca (Jacob Bernstein* of counsel), for appellants.

*Paul I. Goldstein (Nicholas J. Damadeo* of counsel), for respondents.

**OPINION OF THE COURT**

MANGANO, J. P.

On the instant appeal, we are called upon to interpret the phrase "willful act or default" contained in a brokerage commission agreement.

The instant action was commenced by the plaintiffs to recover brokerage commissions allegedly due to them from the defendants.

By contract dated June 29, 1983, the defendants agreed to sell their home to another couple, the Minuccis. A rider to the contract provided that unless the attorney for the defendants received written notice of the approval of the purchasers' mortgage loan within 30 days, the defendants had "the option of cancelling this contract after the original period of time for obtaining the mortgage has expired". The defendants also had the option of extending the aforementioned time period.

On the same date, i.e., June 29, 1983, the defendants and the plaintiff Merrill Lynch Realty Carll Burr, Inc. (hereinafter Merrill Lynch), the listing broker, entered into a brokerage commission agreement wherein the defendants, as the sellers, agreed to pay a commission to Merrill Lynch and to the plaintiff North Site Realty Corp. (hereinafter North Site), the selling broker, "only if, as and when title passes". The brokerage agreement also provided, however, "that if title passing is prevented by a willful act or default on the part of the seller * * * then * * * the commission shall be payable on demand".

The evidence adduced during the plaintiffs' case established that (1) the defendants' attorney did not receive written notice of a mortgage loan approval from the purchasers within 30 days, and (2) the defendants exercised their contractual right to cancel the contract. Accordingly, the trial court granted the defendants' motion to dismiss the complaint on the ground that the plaintiffs had failed to make out a prima facie case.

On the instant appeal, the plaintiffs argue that the defendants had two options under the contract when they did not receive timely written notice from the purchasers regarding the latters' mortgage approval, i.e., (1) the defendants could cancel the contract, or (2) the defendants could extend the purchasers' time to obtain the mortgage approval. By choosing

the first option, the plaintiffs contend that the defendants committed a "willful act" which prevented title from passing and thus, under the terms of the brokerage commission agreement, the plaintiffs were entitled to their commission.

We disagree with the plaintiffs' argument. In *Graff v Billet* (101 AD2d 355, *affd* 64 NY2d 899), the brokerage agreement explicitly provided that the commission was due " 'as, if and when title passes, except for willful default on the part of the seller' ". The Court of Appeals noted that under this language the broker would be entitled to a commission if a sales contract had been entered into and the sellers were in "breach of that sales contract" *(Graff v Billet,* 64 NY2d 899, 901, *supra).*

The language used in the brokerage agreement at bar does not materially differ from that used in *Graff v Billet (supra).* The mere volitional act of the defendants herein in canceling the contract, which they had the legal right to do when they did not receive timely written notice from the purchasers regarding the latters' mortgage approval, hardly qualifies as a breach by the defendants of the underlying sales contract.

Accordingly, the order and judgment appealed from must be affirmed.

NIEHOFF, LAWRENCE and KUNZEMAN, JJ., concur.

Appeal from an order and judgment (one paper) of the Supreme Court, Nassau County, entered April 3, 1985, which, at the close of plaintiffs' case, granted the defendants' motion to dismiss the plaintiffs' complaint for failure to make out a prima facie case.

Ordered that the order and judgment is affirmed, with costs.