**BRAZILIAN INVESTMENT ADVISORY SERVICES, LTDA., Plaintiff,**

v.

**UNITED MERCHANTS AND MANUFACTURERS, INC., Defendant.**

**No. 87 Civ. 1040 (LFM).**

United States District Court, S.D. New York.

Jan. 18, 1989.

Stanley S. Getzoff, New York City, for plaintiff.

Willkie Farr & Gallagher by Richard L. Klein, New York City, for defendant.

## OPINION

MacMAHON, District Judge.

Plaintiff Brazilian Investment Advisory Services, Ltda. ("BIAS"), a corporation organized under the laws of the Republic of Brazil, brought this action to recover a broker's commission allegedly owed by United Merchants and Manufacturers, Inc. ("UM & M"), together with related damages.[1] The complaint alleges two claims for breach of contract, one for fraud, and also seeks punitive damages. UM & M moves, in the alternative, as follows: (1) to dismiss the contract claims for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6); (2) to dismiss the fraud claim for failure to state fraud with particularity, pursuant to Fed.R.Civ.P. 9(b); (3) for summary judgment under Fed.R.Civ.P. 56(b); and (4) to strike the claim for punitive damages as legally insufficient. BIAS cross-moves for a continuance to conduct discovery in order to oppose UM & M's motion for summary judgment. See Fed.R.Civ.P. 56(f).

## BACKGROUND

According to the complaint, in 1983 UM & M requested BIAS to "locate, produce and find a purchaser or investor to purchase a substantial portion or all of its Brazilian manufacturing facility SUDAMTEX." Sudamtex was, at that time, a wholly-owned subsidiary of UM & M. The complaint alleges that BIAS introduced the Bank of Scotland (the "Bank") to UM & M as a potential purchaser of, or investor in, Sudamtex, and that UM & M and BIAS agreed that BIAS would receive "payment of a certain percentage of the sale of [Sudamtex], or an investors [sic] investment into [Sudamtex] of a sum equal to Three (3%) percent of the gross sales price paid on sale or amount invested." The complaint also alleges that the commission arrangement was later altered by agreement between the parties and the Bank to one and one-half (1½%) percent from UM & M "to be paid at the closing of the transaction," and another one and one-half (1½%) percent from the Bank. Finally, the complaint alleges that no transaction was ever consummated between UM & M and the Bank, that UM & M sold Sudamtex to a third party, and that UM & M never paid BIAS a commission.

---

1. We dismissed this action on the grounds of *forum non conveniens, see generally Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), conditioned on the Brazilian courts exercising jurisdiction. *See Brazilian Investment Advisory Services, Ltda. v. United Merchants & Mfg.,* 667 F.Supp. 136, 139 (S.D.N.Y.1987). When the Brazilian courts refused to exercise jurisdiction, we granted BIAS's motion to reinstate this action. *See Brazilian Investment Advisory Services LTDA. v. United Merchants and Manufacturers, Inc.,* No. 87 Civ. 1040, slip op. at 4 (S.D.N.Y. June 27, 1988).

## DISCUSSION

The liberal notice pleading procedures prohibit dismissal of a complaint under Rule 12(b)(6) unless " 'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.' "[2] The first cause of action alleges that UM & M "wrongfully refuse[d] to complete the sale" of a one-half interest in Sudamtex to the Bank, causing BIAS to lose its one and one-half percent (1½%) commission from UM & M. The second cause of action alleges that UM & M's "wrongful conduct prevented [BIAS] from earning an additional One and One–Half (1½%) percent commission," presumably referring to the commission arrangement between BIAS and the Bank.

The plain language of the complaint states that BIAS was entitled to payment of a commission upon "a sale or [an] amount invested," and that payment was due only "at the closing of the transaction." The complaint nowhere alleges that BIAS was entitled to a commission merely upon producing a buyer "ready, willing, and able" to purchase some or all of Sudamtex. Since the complaint claims that BIAS was entitled to a commission upon sale of all or part of Sudamtex to the Bank, and such a sale never occurred, there is no basis for asserting that BIAS was entitled to a commission.[3]

Furthermore, there is no indication whatsoever in the complaint as to how UM & M's failure to sell Sudamtex to the Bank could be "wrongful." The complaint does not allege that UM & M was obligated to sell only to the Bank, or that UM & M was not free to sell Sudamtex to another party.

In fact, under the arrangement described in the complaint, UM & M was free to sell Sudamtex to a third party.[4] Assuming all the allegations in the complaint are true, as we must,[5] both the first and second causes of action fail to state a claim, as a matter of law, and therefore are dismissed, with leave to replead on the condition stated below.

The third cause of action alleges that UM & M made false representations to BIAS concerning UM & M's willingness to sell all or part of Sudamtex, with the intent of causing BIAS to rely upon those statements, and that BIAS did in fact rely on those statements to its detriment. No facts are alleged. Fed.R.Civ.P. 9(b) requires that "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity," except that a defendant's state of mind may be averred generally. Cases from the United States Court of Appeals for the Second Circuit have interpreted the particularity requirement of Rule 9(b) to mean that a plaintiff must set forth the following:

1) precisely what statements were made, and 2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same, 3) the content of such statements and the manner in which they misled the plaintiff, and 4) what the defendants "obtained as a consequence of the fraud."[6]

The allegation of fraud must be, *inter alia*, specific enough to afford UM & M fair notice of BIAS's claim so that UM & M

2. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (footnote omitted)).

3. *See, e.g., Corcoran Group, Inc. v. Morris,* 107 A.D.2d 622, 484 N.Y.S.2d 7, 8–9, *aff'd,* 64 N.Y.2d 1034, 489 N.Y.S.2d 66, 478 N.E.2d 207 (1985) (when commission agreement provides that broker is entitled to commission only upon completion of transaction, broker bears the risk that the transaction will not be consummated); *see also* Fed.R.Civ.P. 9(c) (pleading condition precedent).

4. *See Graff v. Billet,* 101 A.D.2d 355, 475 N.Y.S.2d 122, 123, (1984), *aff'd,* 64 N.Y.2d 899, 487 N.Y.S.2d 733, 477 N.E.2d 212 (1985) (when agreement provides that commission is due on consummation, seller's sale to third party not wrongful).

5. *See, e.g., Wade v. Johnson Controls, Inc.,* 693 F.2d 19, 20 (2d Cir.1982).

6. *Posner v. Coopers & Lybrand,* 92 F.R.D. 765, 769 (S.D.N.Y.1981) (citations omitted), *aff'd,* 697 F.2d 296 (2d Cir.1982); *see also Bingham v. Zolt,* 683 F.Supp. 965, 972–73 (S.D.N.Y.1988).

may prepare a defense.[7] Under these guidelines, we find that the fraud claim falls far short of the required particularity, and therefore dismiss the third cause of action, with leave to replead. We caution BIAS, however, that in addition to the factual requirements enumerated above, a plaintiff must also "provide at least a minimal factual basis" to support allegations of scienter.[8]

Having dismissed all three causes of action, it is unnecessary for us to consider defendant's remaining motions or plaintiff's cross-motion.

■ Still, there is one more concern we must address. Rule 11, Fed.R.Civ.P., states that the signature of counsel constitutes his certification that "to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the pleading] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose." Rule 11 is violated when, "after a reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law."[9] When this standard is breached, and there is no motion for sanctions pending, we must impose sanctions *sua sponte.*[10]

■ The BIAS complaint is utterly frivolous and without a semblance of legal merit on its face. We therefore find that the certification of BIAS's counsel violates the objective standard of Rule 11. The glaring lack of legally sufficient facts upon which to state a claim clearly indicates a total failure of BIAS's counsel to make either a reasonable inquiry as to the facts or to conduct rudimentary research of the law, both of which are required by Rule 11 prior to filing a complaint.[11] The failure of BIAS's counsel to comply with elementary legal principles and standards has forced defendant to undertake useless and wholly unnecessary work and expense, including filing a notice of motion, a Rule 3(g) statement, two memoranda of law, and several affidavits and exhibits, not to mention the waste of court time engendered by this frivolous complaint.[12]

The amount of sanctions, based on our assessment of reasonable counsel's fees incurred as a result of the violation of Rule 11 by BIAS's counsel, shall be $2,500, paid to defendant by BIAS's counsel personally, without reimbursement from BIAS.[13] We caution BIAS's counsel that, although we have granted leave to replead, conditioned on the payment of these sanctions, harsher sanctions will be imposed for any future Rule 11 violation in this case.

## CONCLUSION

Accordingly:

(1) The complaint is dismissed, with leave to file and serve an amended complaint within thirty (30) days.

(2) BIAS's counsel, Stanley S. Getzoff, Esq., is directed to pay personally, without reimbursement from his client, the sum of $2,500 to UM & M within twenty (20) days.

(3) As a condition to serving and filing an amended complaint, BIAS's counsel, Stanley S. Getzoff, Esq., is directed to file with the Clerk of this court a receipt for payment of the above sanctions, duly signed by the defendant, within thirty (30) days.

So Ordered.

**7.** See *DiVittorio v. Equidyne Extractive Indus.,* 822 F.2d 1242, 1247 (2d Cir.1987).

**8.** *Connecticut Nat'l Bank v. Flour Corp.,* 808 F.2d 957, 962 (2d Cir.1987); *see also Segal v. Gordon,* 467 F.2d 602, 608 (2d Cir.1972).

**9.** See *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985).

**10.** Fed.R.Civ.P. 11.

**11.** Fed.R.Civ.P. 11 advisory committee's note.

**12.** *See, e.g., Long v. Quantex Resources, Inc.,* 108 F.R.D. 416, 417–18 (S.D.N.Y.1985).

**13.** To avoid ongoing litigation over the amount of the sanctions, we assess an amount that we find will compensate defendant for its reasonable costs and deter future Rule 11 violations both by BIAS's counsel and generally. *See Anschutz Petroleum Marketing Corp. v. E.W. Saybolt & Co.,* 112 F.R.D. 355, 357 (S.D.N.Y.1987).