**BROADCASTING RIGHTS INTERNATIONAL CORP., Plaintiff,**

v.

**SOCIETE du TOUR de FRANCE, S.A.R.L., Defendant.**

**No. 87 Civ. 7485 (RWS).**

United States District Court, S.D. New York.

March 16, 1989.

Friedman, Wittenstein & Hochman, New York City, for plaintiff; Stuart I. Friedman, of counsel.

Davis Polk & Wardwell, New York City, for defendant; Dennis Glazer, of counsel.

OPINION

SWEET, District Judge.

Plaintiff Broadcasting Rights International Corp. ("BRIC") has moved for an order pursuant to Fed.R.Civ.P. 60(b)(6) setting aside or vacating this court's December 17, 1987 judgment dismissing the above-entitled action against the defendant Societe du Tour de France, S.A.R.L. ("STDF") on the ground of *forum non conveniens.* For the reasons set forth below, the motion is denied.

*Prior Proceedings*

On October 21, 1987, BRIC commenced this action by bringing on an order to show cause requesting a temporary restraining order and a preliminary injunction to enjoin STDF from interfering with BRIC's representation of the Tour de France bicycle race and its alleged contract rights with CBS.

On October 29, 1987, STDF consented to a temporary restraining order (the "TRO") which restrained STDF from negotiating the broadcasting or other commercial rights to the Tour de France.

On December 9, 1987, an opinion was filed denying BRIC's motion for preliminary injunction and dismissing its com-

plaint on the ground of *forum non conveniens* (the "Opinion"), familiarity with which is assumed, 675 F.Supp. 1439. The dismissal was conditioned on STDF's agreement to waive its rights 1) to stay or suspend any civil proceeding BRIC commenced in France on the ground that a French criminal proceeding was currently pending or 2) to object to the use of evidence BRIC previously had obtained in the United States.

At a hearing held on December 17, 1987 pursuant to STDF's Notice of Settlement of Judgment, BRIC requested that the court's judgment be conditioned upon a French civil court not staying or suspending, *sua sponte*, a civil proceeding BRIC commenced pending the resolution of a French criminal proceeding. The request was denied, and STDF's proposed form of judgment was entered which excluded BRIC's proposed conditions.

BRIC filed a notice of appeal on December 21, 1987. Because BRIC's appeal might have been mooted had a French court proceeded to the merits of BRIC's claims, BRIC and STDF stipulated to withdraw BRIC's appeal without prejudice, pending BRIC's right to reinstate its appeal by November 30, 1988.

Promptly following this court's decision, BRIC instituted a proceeding seeking a provisional remedy from the French *refere* court. On January 15, 1988, the *referee* court entertained BRIC's request for a provisional remedy, denying the requested relief because there was a sufficiently serious dispute as to the merits of BRIC's claim. BRIC did not appeal the *referee* decision as Article 543 of the French New Code of Civil Procedure allowed.

Following the *referee's* ruling, BRIC filed a complaint against STDF with the Tribunal of Commerce (the "Tribunal") in Paris. At BRIC's request, the Tribunal held a special extended hearing ("*delibere speciale*") on May 2, 1988. Counsel for both parties presented extensive argument to, and were questioned by, the court. Ruling that the merits of BRIC's claims depended upon the validity of the disputed contracts and that certain facts could be established only by the criminal investigation, the court, on June 27, 1988, *sua sponte*, stayed the civil proceedings pending resolution of the criminal investigation.

The decision stated, in pertinent part:

The court will note that, although the complaint of S.T.D.F. filed and registered with the Senior Examining Magistrate of the Court of Extended Original Jurisdiction of Paris on June 26, 1987 is prior to the proceedings started by BRIC before the New York court and then before the present court, S.T.D.F. has, in accordance with the provisions of the judgment of the American court, abstained from requesting a stay of decision.

The court notes, however, that the complaints made by BRIC against S.T.D. F. are only justified, of course, if the contracts made between the parties do not suffer from a defect which might nullify them, which this court will have to determine.

Now it appears from the facts of the action and the abundant documents submitted in the trial that there are a certain number of facts which only the criminal investigation now pending and the letters rogatory ordered will make it possible to establish and thereby enable this court to render a decision with full knowledge of the facts.

It is therefore obvious that, although S.T.D.F., in accordance with the operative portion of the judgment of the Southern District Court of New York, has not requested this, this court, for the proper administration of justice, will hold that it will be necessary to apply Article 4 of the Code of Criminal Procedure, which stipulated that: "while the civil action can also be brought separately from the public action, *judgment will, however, be stayed as long as a final decision has not been pronounced on the public action,* when the latter has been commenced," and will render its decision as follows.

(Emphasis added). This motion was filed thereafter and heard on November 11, 1988.

*Facts*

BRIC's French counsel has advised it that the stay the Tribunal imposed will cause a delay of at least two years, and possibly longer.

STDF's French counsel has averred that the length of time required to complete the French criminal investigation in large part depends upon BRIC's cooperation in providing documents requested in the international letters rogatory issued July 26, 1988, and that completion of the investigation following receipt of these documents generally involves a matter of months, not years.

*The Process According BRIC is Due Even if Delayed*

Fed.R.Civ.P. 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ... *(6) any other reason justifying relief from the operation of the judgment.* The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

(Emphasis added).

Fed.R.Civ.P. 60(b), which has been described as a "grand reservoir of equitable power to do justice in a particular case," is to be "liberally applied" where appropriate. *See United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977) (citing *Moore's Federal Practice* ¶ 60.27[2], at 375 (2d ed. rev. 1975)). *See also Radack v. Norwegian Amer. Line Agency, Inc.*, 318 F.2d 538, 543 (2d Cir.1963) ("the rule [60(b)(6)] should be liberally construed when substantial justice will thus be served"). Rule 60(b)(6) is properly invoked when there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship. *See In re Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir.1981). BRIC claims that this case presents "extraordinary circumstances" and works an "extreme hardship"

on BRIC, which has no immediate forum to litigate its claims.

BRIC has relied primarily on *Calavo Growers of California v. Belgium*, 632 F.2d 963 (2d Cir.1980), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809, *reh'g denied*, 451 U.S. 934, 101 S.Ct. 2012, 68 L.Ed.2d 321 (1981). There, the Second Circuit held that a dismissal on grounds of *forum non conveniens* presupposes that an adequate alternative forum exists, and remanded a *forum non conveniens* dismissal to the district court to ensure the adequacy of that alternative forum. *See id.* at 968. The Second Circuit stated that *"the dismissal [should be] conditional upon the willingness of the Belgian courts to hear this case, ...* upon the consent of all the defendants to submit to jurisdiction in Belgium[,] ... [and] upon an agreement by defendant underwriters both to waive any statute of limitations defense that has arisen since the commencement of the action in the Southern District...." *Id.* (Emphasis added). According to BRIC, *Calavo*'s mandate of "adequate alternative forum" has not been met because of the Tribunal's *sua sponte* stay.

What has thus been presented is whether the alternative forum is adequate if its procedures require a delay, not necessarily a denial, of the exercise of its powers.

■ Regrettably for BRIC, procedural differences between forums do not bar a *forum non conveniens* dismissal in the absence of a "complete denial of due process." *Panama Processes, S.A. v. Cities Serv. Co.*, 500 F.Supp. 787, 800 (S.D.N.Y. 1980), *aff'd*, 650 F.2d 408 (2d Cir.1981); *see also Brazilian Inv. Advisory Servs., Ltd. v. United Merchants & Mfg., Inc.*, 667 F.Supp. 136, 139 (S.D.N.Y.1987); *ACLI Int'l Commodity Servs., Inc. v. Banque Populaire Suisse*, 652 F.Supp. 1289, 1295 (S.D.N.Y.1987). Delays in an alternative forum's judicial system are not sufficiently harmful of due process to prevent dismissal on the ground of *forum non conveniens*. *See Brazilian Inv.*, 667 F.Supp. at 138; *Chhawchharia v. Boeing Co.*, 657 F.Supp. 1157 (S.D.N.Y.1987).

No authority has been cited that the speed with which a foreign forum will act on a claim for relief has ever factored into the conditions relevant to a *forum non conveniens* dismissal or provided the extraordinary circumstances needed for invocation of Rule 60(b)(6).

BRIC does not, nor can it, contend that the French civil court does not have jurisdiction over the action, especially when that court expressly has acknowledged its jurisdiction. *Calavo* stands solely for the proposition that the foreign forum must be available—not that it must be as hospitable to the plaintiff in terms of speed as he may wish.

Indeed, it is significant that one of the reasons Calavo urged that its case not be sent to Belgium was that proceedings there "are likely to be inordinately protracted," *Calavo*, 632 F.2d at 968 n. 6, but the Second Circuit did not consider that ground in its discussion.

Under some circumstances a delayed process may be so deferred that it is no longer due, but no court has yet so held in the *forum non conveniens* context. Here the circumstances do not compel such a result. The French proceeding remains adequate, even if the criminal charge stays the civil process. A similar result obtains on occasion in this country. *See, e.g., Kashi v. Gratsos*, 790 F.2d 1050 (2d Cir.1986) ("the Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings.... Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem ... to require such action.... [citations omitted]' "). This conclusion is reinforced by the availability of appellate review in France.

*Conclusion*

For the reasons set forth above, the motion to relieve BRIC of the judgment is denied.

IT IS SO ORDERED.