■ DRISCOLL ESTATE AGENTS, INC., Appellant, v H. EDWARD HIRD et al., Respondents.—In an action to recover real estate broker's commissions, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Brown, J.), entered October 24, 1989, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

Although the plaintiff alleges it earned real estate broker's commissions, it concedes, and documents submitted on defendants' motion to dismiss (see, CPLR 3211 [a] [1], [7]) demonstrate, that the parties agreed that the commissions would be due only "as, if and when title passes except for willful default on the part of" the defendants. The complaint contains no factual allegations indicating that the defendants committed any acts or failed to perform under the contracts of sale so as to cause the failures to close title (see, Graff v Billet, 64 NY2d 899; Levy v Lacey, 22 NY2d 271). The plaintiff instead complains of the defendants' "willful" failure to insist on performance by the contract vendees who canceled, perhaps wrongfully, the contracts of sale. However, that failure is, as a matter of law, insufficient to constitute a default within the meaning of the plaintiff's agreements with the defendants. Therefore, the Supreme Court properly dismissed the complaint. The plaintiff did not come forward with any evidence to support a claim that the defendants failed to satisfy certain

conditions of the contracts of sale. Thus, the Supreme Court properly declined to grant the plaintiff's application for leave to replead. In any event, this application was procedurally improper, since it was made only upon oral argument of the defendants' motion to dismiss (see, CPLR 3211 [e]). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.

