■ R.B. SCHLESINGER & COMPANY, INC., Appellant, v DELSON & GORDON, Respondent.—Order, Supreme Court, New York County (Robert E. White, J.), entered August 16, 1991, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment unanimously affirmed, with costs.

In the absence of an agreement to the contrary, a broker is entitled to a commission when it produces a party ready,

willing and able to accept the terms offered by the principal *(Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42; *Williamson, Picket, Gross v Hirschfeld,* 92 AD2d 289). Here, defendant gave an exclusive brokerage to Huberth & Peters, Inc., which because it conditioned any commissions on a completed transaction, permitted defendant to consider competing offers *(White & Sons v La Touraine—Bickford's Foods,* 50 AD2d 547, *affd* 40 NY2d 1039). Plaintiff was aware of this exclusive brokerage agreement and its terms when it tendered to defendant its principal's offer to sublease the premises, and thus is bound by its terms. Since the offer of sublease tendered by plaintiff was never executed or accepted by defendant, and since the agreement between defendant and its broker conditioned commissions upon a completed transaction, plaintiff has no right to a commission based upon such offer *(see, Graff v Billet,* 64 NY2d 899). Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Smith, JJ.