■ CAROL E. LEVY, Appellant, v SHELLY FRIEDMAN et al., Respondents. [628 NYS2d 265] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 13, 1994, which granted defendants' motion for summary judgment dismissing plaintiff's complaint, unanimously affirmed, with costs.

Plaintiff's right to real estate brokerage commissions was defined by the terms of the May 25, 1993 brokerage agreement (*Tankers Intl. Nav. Corp. v National Shipping & Trading Corp.*, 116 AD2d 40, 43; *see also, Schlesinger & Co. v Delson & Gordon*, 184 AD2d 393, *lv denied* 80 NY2d 761), which provided that plaintiff's commission "will not be deemed earned or due or payable until and unless title actually closes pursuant to a signed written contract." It is undisputed that the defendant sellers never executed the proposed contract as modified and executed by plaintiff's principals. Accordingly, the condition precedent to plaintiff's right to obtain commissions never occurred, and plaintiff's claim of willful default has no merit in the absence of a binding agreement which defendants may be said to have willfully breached (*see, Friedland Realty v Modern Cabinets Corp.*, 194 AD2d 657; *Graff v Billet*, 64 NY2d 899, *affg* 101 AD2d 355). Plaintiff's additional argument that payment of the $1,000 by Elissa Myers constituted part payment is also without merit since, according to plaintiff's own statements, such payment was intended by Myers to be outside the scope of the brokerage agreement. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Mazzarelli, JJ.