■ H. H. HILL REALTY SERVICES, INC., Appellant, v J. GREGORY CUMMINGS, Respondent. [664 NYS2d 464] —In an action to recover a real estate broker's commission, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Bern-

hard, J.), entered October 15, 1996, which, *inter alia,* granted the defendant summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a duly licensed real estate broker, commenced this action to recover a broker's commission allegedly due from the defendant, the owner-seller of certain property in Dutchess County. The plaintiff alleged that it procured for the defendant two purchasers ready, willing, and able to buy two parcels of vacant property offered for sale by the defendant on terms suitable to the defendant. After issue was joined, the plaintiff moved for summary judgment on its claim for a broker's commission. The defendant cross-moved for summary judgment dismissing the complaint. In support of its cross motion, the defendant argued, *inter alia*, that there had never been a meeting of the minds between him and the purchasers and that therefore the plaintiff had not earned a commission. In the order appealed from, the Supreme Court granted the defendant summary judgment dismissing the complaint. We now affirm.

It is clear from, *inter alia,* the correspondence between the defendant and the buyers concerning the proposed contracts of sale for the properties at issue that there was never a meeting of the minds as to several material terms of the sale. Thus, even assuming, arguendo, that the plaintiff had an unconditional oral agreement with the defendant for a 5% broker's commission, no commission was earned (*see, Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36; *Kaelin v Warner,* 27 NY2d 352; *Sibbald v Bethlehem Iron Co.,* 83 NY 378; *Taibi v American Banknote Co.,* 135 AD2d 810). Although the plaintiff alleged bad faith on the part of the defendant, the plaintiff failed to proffer evidence raising a triable issue of fact as to that issue (*cf., North Site Realty Corp. v Walsh,* 123 AD2d 144; *Corcoran Group v Morris,* 107 AD2d 622, *affd* 64 NY2d 1034; *Graff v Billet,* 101 AD2d 355, *affd* 64 NY2d 899). Accordingly, the defendant was properly granted summary judgment dismissing the complaint. Miller, J. P., Ritter, Altman and Krausman, JJ., concur.