OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs. The certified question should not be answered upon the ground that it is unnecessary.
 

 We decline to accept plaintiffs invitation to overrule
 
 Graff v Billet
 
 (64 NY2d 899). Moreover, “the doctrine of stare decisis should not be departed from except under compelling circumstances”
 
 (Cenven, Inc. v Bethlehem Steel Corp.,
 
 41 NY2d 842, 843;
 
 see also, City of Buffalo v Cargill, Inc.,
 
 44 NY2d 7, 17).
 

 Chief Judge Kaye (concurring). In the past, reasonable minds differed over the interpretation of a contract provision that a brokerage commission was due and payable “if and when title passes * * *, except for willful default on the part of the seller, in which case the commission shall be payable upon demand after said default.” On February 14, 1985,
 
 Graff v Billet
 
 (64 NY2d 899) settled the doubt. The Court concluded that the broker was entitled to a commission “only if the seller and the broker’s prospective buyer had already entered a sales contract, and the seller’s ‘fault’ or ‘default,’ within the meaning of the rule, would have reference solely to a breach of that sales contract”
 
 (id.,
 
 at 901). Moreover, we made clear that any ambiguity in the agreement was to be construed against the broker, who drafted it
 
 (id.,
 
 at 902;
 
 see also, Pearce, Urstadt, Mayer & Greer Realty Corp. v Atrium Dev. Assocs.,
 
 77 NY2d 490, 494-496).
 

 In the appeal now before us, plaintiff — a broker who drafted the commission agreement — virtually copied the key language we construed against the broker in
 
 Graff.
 
 Plaintiff now argues that the Court was wrong in
 
 Graff,
 
 and that the case should be overruled. This we refuse to do.
 

 Continuity and predictability are important values for a Court. We should adhere to precedent unless it is clear that a prior decision has produced an unjust or unworkable rule. As Chief Judge Breitel observed in
 
 People v Hobson
 
 (39 NY2d 479,
 
 *788
 
 488), the root of stare decisis is the “humbling assumption, often true, that no particular court as it is then constituted possesses a wisdom surpassing that of its predecessors.” Stare decisis should be most stringently applied in cases involving contract and property rights. Indeed, considerations favoring stare decisis are “at their acme” in those cases
 
 (Payne v Tennessee,
 
 501 US 808, 828). That is so for two reasons.
 

 First,
 
 persons entering into contract and property transactions are guided by court decisions and tailor their agreements to conform to the law. Because “settled rules are necessary and necessarily relied upon, stability and adherence to precedent are generally more important than a better or even a ‘correct’ rule of law”
 
 (Matter of Eckart,
 
 39 NY2d 493, 500). Indeed,
 
 Graff v Billet
 
 has been cited dozens of times — by this Court, by lower courts, even by the United States Supreme Court.
 
 Second,
 
 in contract and property transactions, parties generally are free to draft their agreements to say what they intend, and thus avoid the effect of a prior Court interpretation if they so desire.
 

 These principles mandate affirmance in the case at hand.
 
 Graff
 
 has been the law for more than 15 years, and we have no evidence that it has proven unworkable or produced manifest injustice. Brokers and sellers alike rely on
 
 Graff.
 
 Finally, plaintiff drafted its agreement a full decade after our decision. If plaintiff intended a different result, it should have used other language to say what it meant.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur in memorandum; Chief Judge Kaye concurs in a separate concurring opinion.
 

 Order affirmed, etc.