■ NORMA REYNOLDS REALTY, INC., et al., Appellants, v TERRY BIRD et al., Respondents. [762 NYS2d 504] —In an action, inter alia, to recover damages for breach of the implied covenant of good faith and fair dealing, the plaintiff Norma Reynolds Realty, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), entered March 18, 2002, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing, and denied its cross motion for a continuance of the defendants' motion so as to permit disclosure, and the plaintiff Cook Pony Farm Real Estate, Inc., appeals from the same order.

Ordered that the appeal by the plaintiff Cook Pony Farm Real Estate, Inc., is dismissed as abandoned (see 22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Norma Reynolds Realty, Inc.; and it is further,

Ordered that one bill of costs is awarded to the respondents, payable by the appellant Norma Reynolds Realty, Inc.

The appellant Norma Reynolds Realty, Inc. (hereinafter the appellant) entered into an exclusive brokerage agreement with the defendant Terry Bird, the trustee of the Dune Trust (hereinafter the Trust), to sell certain property owned by the Trust. The agreement provided that the appellant would not be entitled to a brokerage commission until title to the premises closed. The appellant procured a potential buyer who agreed to the asking price but submitted a counter-proposed contract of sale which requested some changes to the defendants' proposed contract of sale. The defendants subsequently refused to execute the counter-proposed contract of sale. The appellant, along with Cook Pony Farm Real Estate, Inc., commenced the instant action seeking, inter alia, its brokerage commission under the terms of the brokerage agreement.

The defendants established their entitlement to judgment as a matter of law by demonstrating that they did not breach the implied covenant of good faith and fair dealing in regard to the subject agreement (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The defendants presented evidence that the Trust did not execute the counter-proposed contract of sale. Rather, the counter-proposed contract of sale was a counteroffer, contain-

ing several material changes to the proposed contract of sale, which was legitimately rejected by the defendants, who returned the entire down payment and unsigned counter-proposed contract of sale to the potential buyers. In response, the appellant failed to raise an issue of fact that it was entitled to its broker's commission under the terms of the agreement (*see Eastern Consol. Props. v Adelaide Realty Corp.*, 95 NY2d 785 [2000], *affg* 261 AD2d 225 [1999]; *Graff v Billet*, 64 NY2d 899 [1985]; *Maurice B. Cunningham, Inc. v Nugent St. Corp.*, 202 AD2d 649 [1994]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing. Further, the Supreme Court also properly denied the appellant's cross motion for a continuance of the defendants' motion so as to permit disclosure (*see* CPLR 3212 [f]; *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152 [1980]; *McSorley v Philip Morris, Inc.*, 170 AD2d 440 [1991]).

The appellant's remaining contention is academic in light of our determination. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.