■ RENEE DESPINS REALTY INC., Appellant, v MARC ROBERTS, Respondent. [767 NYS2d 221]—

Order, Supreme Court, New York County (Louis York, J.), entered April 9, 2003, which granted defendant's pre-answer motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff real estate broker entered into an exclusive brokerage agreement with defendant Marc Roberts, identified in the contract as the owner, providing for a 5% commission for the sale of a condominium unit at a stated price of "$525,000 or less." Payment of the commission is predicated on closing of title or a willful failure to close. Notwithstanding the three-month period granting plaintiff the exclusive right to sell, the words "Owner Buyer exception Maureen and Stewart Lande" are handwritten at the top of the agreement and initialed by the parties. Within the specified three-month period, plaintiff produced a buyer alleged to be ready, willing and able to purchase the condominium unit. However, it was subsequently conveyed, also within the exclusive three-month period, to Maureen and Stewart Lande, prompting this action to recover the brokerage commission.

It is apparent that the brokerage agreement expressly excepted the purchasers from its operation. Therefore, plaintiff's contention that the failure of a condition precedent vitiates the contract (*Hicks v Bush*, 10 NY2d 488 [1962]; Calamari and Perillo, Contracts § 138, at 226 [1st ed]; Restatement of Contracts § 250 [a]) and defendant's assertion that recovery of the commission is unavailable in the absence of a contract of

sale (*see Graff v Billet*, 64 NY2d 899 [1985]; *see also Eastern Consol. Props. v Adelaide Realty Corp.*, 95 NY2d 785 [2000]) are immaterial, and the action was properly dismissed (CPLR 3211 [a] [1]). Concur—Saxe, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.