■ DAVID W. HEER, Doing Business as DAVID W. HEER REALTY, Respondent, v MARION P. KRONAU, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered September 18, 1974 in Rensselaer County, which granted plaintiff's motion for summary judgment. Special Term found that plaintiff, a licensed real estate broker, was entitled to a commission of $2,400 on a sale by defendant within a year after the termination of the brokerage contract of a portion of her property to purchasers whom plaintiff had brought to her and with whom she had negotiated prior to the expiration of the contract. The contract contains a valid extension clause (Vanderschoot v Christiana, 10 AD2d 188), but defendant urges that it is inapplicable to the present transaction. The agreement in pertinent part provides: "The undersigned [defendant] hereby agrees to pay you [plaintiff] commission in accordance with the prevailing fees * * * in case the said property *or any portion thereof,* is * * * sold * * * by you or any person during the term of this contract, or if *it* should be sold within one year from its expiration to anyone with whom you have had negotiations, or to any person who has inquired about this property during the term of this contract, or whose names you give me at or before the time of such expiration." (Emphasis added.) Defendant's position is that this provision should be construed so that while plaintiff would be entitled to a commission if he negotiated a sale of a portion of the property prior to the contract's termination, he is entitled to a commission from a sale during the one-year extension period only if the entire property were sold. This construction is premised on the fact that the contract provides for a commission only if "*it* should be sold within one year" (emphasis added) and not if "any portion thereof" is sold, as is specified for sales prior to expiration dates. While it is true that contract ambiguities should be construed against the party who drafted the contract, the entire contract must be viewed to determine if any ambiguity truly exists. In the instant case it is clear that separate sales of portions of the property were expressly contemplated and provided for, and to differentiate between sales of portions of the property before and after termination would strain the construction too far. We find no merit in defendant's additional contentions and, accordingly, the order of Special Term should be affirmed. Order affirmed, with costs. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.