■ CORCORAN GROUP, INC., Respondent, v GUY MORRIS et al., as Coexecutors of NATALIE MORRIS, Deceased, Appellants. — Order, Supreme Court, New York County (William P. McCooe, J.), entered July 13, 1984, denying defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs and disbursements, the motion granted and the complaint dismissed.

The action was brought to recover a real estate brokerage commission alleged to be due on the sale of shares to a cooperative apartment at 1016 Fifth Avenue, New York, New York. Defendants are the executors of the estate of their mother, who had owned the cooperative apartment. They entered into a brokerage agreement with plaintiff on February 24, 1983 which provided for a commission of $20,000, payable "only if, as and when title actually closes." The letter agreement provided in part as follows: "It is understood that the above sum [$20,000] shall be payable only if, as, and when title actually closes. If, for any reason title does not close, except for the willful default of the seller, the undersigned agrees that it will be entitled to no compensation or commission in connection with this transaction."

In support of its claim of entitlement to a commission, plaintiff contends that it produced a prospective buyer (the Cohens) who was ready, willing and able to purchase but that defendants refused to enter into a contract of sale. The Cohens had initially offered to purchase the cooperative shares for the sum of $450,000 and subsequently increased their bid to $460,000, both on terms, when the apartment was listed for $510,000. The Cohens had also sought a representation that the fireplace was in working order, which defendants refused to furnish. During the negotiations, defendants' demand fluctuated between $475,000 and $510,000 and at one point, there was an offer of $472,500 in response to a demand of $475,000, whereupon defendants increased the price to $510,000, the original price. In any event, no contract of sale was ever entered into.

On March 4, 1983, Ms. Gleich, a sales representative and licensed broker with plaintiff, learned that defendants had accepted an offer from a third party to transfer the cooperative

shares for the sum of $465,000 on an all-cash basis, with no participating real estate broker. Plaintiff brought this action, alleging that it had procured a buyer who was ready, willing and able to purchase for the sum of $472,500, contingent upon the purchaser obtaining financing for $150,000, and further, that defendants wrongfully refused to proceed, transferring the property to another at a lesser price. In denying defendants' motion for summary judgment dismissing the complaint, Special Term concluded that there was a factual issue as to bad faith by the sellers by reason of the fact that cooperative shares were sold to a third party for a lesser sum, holding that this could amount to a "willful default" on the part of the sellers, entitling plaintiff to its commission under the agreement between the parties. We disagree.

As a general principle, in the absence of an agreement to the contrary, a real estate broker is entitled to a brokerage commission where it is established that the broker was the procuring cause of the sale by producing a purchaser who was ready, willing and able to buy on terms acceptable to the seller (*Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36; *Hecht v Meller,* 23 NY2d 301; *Levy v Lacey,* 22 NY2d 271). The operative standard is whether the broker "generated a chain of circumstances which proximately led to the ultimate lease of the premises." (*Busher Co. v Galbreath-Ruffin Realty Co.,* 22 AD2d 879, affd 15 NY2d 992.)

However, where the parties agree that a commission will be due and payable only "if, as and when title actually closes", the broker's entitlement to a commission is contingent upon the actual closing (see *White & Sons v La Touraine-Bickford's Foods,* 50 AD2d 547, affd 40 NY2d 1039; *Graff v Billet,* 101 AD2d 355). In *White & Sons (supra,* pp 547, 548), we found similar language, providing for payment " 'to be deferred until the closing of title' ", to pose a legal issue for the court with regard to the broker's entitlement to a fee and, under the circumstances of that case, where there was no closing, we held there was no liability for any commission and "defendant was free to negotiate with anyone other than plaintiff's customer." Similarly, in *Graff v Billet (supra),* the parties had agreed that plaintiff would earn a commission for the sale of a parcel of land " 'as, if and when title passes, except for willful default on the part of the seller' ". In that case, the broker had shown the property to a prospective purchaser, but before any agreement was entered into, the seller accepted a better offer from a third party. The Appellate Division, Second Department, held that the acceptance of a better offer could not be deemed a "willful

default" within the contemplation of the agreement and observed (101 AD2d, at pp 356-357): "Consequently, since no deal between the prospective purchaser and the seller ever materialized in legal, written form, the seller could not be in default of the broker's agreement and was free until then to negotiate with other prospective purchasers without becoming liable for a commission (cf. *White & Sons v La Touraine-Bickford's Foods, supra*)."

Applying this principle here, we conclude that summary judgment should have been granted to defendants dismissing the complaint. The terms of the agreement are clear and unambiguous, conditioning plaintiff's entitlement to a commission upon the closing of title. Without dispute, there was no closing of title and, accordingly, no commission was earned. Special Term, in distinguishing the holding in *Graff (supra)*, relied upon the assertion that the cooperative shares here had been sold to a third party at a lesser price and, therefore, found that there was a triable issue as to whether the sellers had acted in good faith. The court, however, overlooked the fact that, although the subsequent sale was for $7,500 less than had been offered by plaintiff's client, the transaction was on an all-cash basis, with no condition associated with a mortgage commitment, and there was no requirement that the sellers warrant the condition of the fireplace, a point of disagreement in the negotiations between these parties. There was also no procuring broker, which resulted in a substantial savings to the sellers. Taking into account all of these factors, it is clear that the sale was far more advantageous to the sellers than the offer from plaintiff's client.

Moreover, since the motion for summary judgment was made after discovery proceedings had been completed, we find the proof offered in opposition to the motion palpably insufficient to raise a genuine triable issue of fact. The affidavit of Ms. Gleich alleges in conclusory fashion that there was a willful default but no substantiating facts have been shown to raise a material factual issue for trial. A party opposing such a motion must assemble and lay bare its affirmative proof to demonstrate the existence of genuine, triable issues. Reliance upon mere conclusions, expressions of hope or unsubstantiated allegations is insufficient for that purpose (*Zuckerman v City of New York*, 49 NY2d 557, 562; *Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281-282; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290). Concur — Carro, J. P., Asch, Bloom and Kassal, JJ.