■ PICOTTE REAL ESTATE, INC., Respondent, v THOMAS F. GAUGHAN et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered July 3, 1984 in Albany County, which granted plaintiff's motion for summary judgment.

On July 14, 1982, defendants entered into an exclusive listing agreement (agreement) with plaintiff whereby plaintiff agreed to act as broker for the sale of defendants' house, which was

located in the City of Albany. This agreement was effective from July 14, 1982 through November 14, 1982 and provided that: "if within 6 months after the expiration of this agreement, or any extension thereof, the said property shall be transferred or sold to or exchanged, or agreed to be transferred or sold to or exchanged, with anyone to whom said property was shown, exhibited, or offered during the period of this agreement, or any extension thereof, then the applicable commission hereinbefore mentioned shall be paid by the Owner(s) to the Broker." Defendants did not sell their house during the effective period of the agreement with plaintiff.

By contract dated March 25, 1983, defendants agreed to sell their home to one Claire Colonna, who, plaintiff claims, is a person to whom defendants' house had been shown, exhibited and offered in October, 1982, during the effective period of the agreement. Plaintiff commenced this action to recover a commission pursuant to the above-quoted language of the agreement and moved for summary judgment. Special Term granted the motion and, from the order entered thereon, this appeal by defendants ensued.

An extension clause, such as that quoted above, is commonly included in a real estate listing contract to protect a broker from loss of compensation when a property is sold by the owner after the termination of the listing contract to a person who was introduced to the property by the broker (see Construction of Provision in Real-estate Broker's Listing Contract That Broker Shall Receive Commission on Sale After Expiration of Listing Period to One with Whom Broker Has "Negotiated" During Listing Period, Ann., 51 ALR3d 1149, 1155, 1157). This court has long recognized the validity of such clauses (see *CYC Realty v Perl,* 93 AD2d 960; *Heer v Kronau,* 50 AD2d 625; *Vanderschoot v Christiana,* 10 AD2d 188) and we are not persuaded by defendants' argument to now hold to the contrary. The affidavits supporting plaintiff's motion reveal that Colonna was shown defendants' house while the agreement was in effect, and defendants do not explicitly refute such. The record further demonstrates that defendants contractually agreed to sell their house to Colonna during the six-month period when they were contractually liable for a commission to plaintiff if the purchaser had been shown, exhibited and offered the house by plaintiff. On these facts, Special Term properly granted summary judgment in favor of plaintiff.

Order affirmed, with costs. Kane, J. P., Main, Casey and Weiss, JJ., concur.