■ LaRosa Realty, Inc., Respondent, v J. Kim et al., Appellants.—In an action to recover damages for breach of a real estate brokerage agreement, the defendants appeal from

an order of the Supreme Court, Nassau County (Burke, J.), dated June 6, 1985, which denied their motion for summary judgment dismissing the plaintiff's complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The agreement herein provided that the broker's commission was due and payable "if, as, and when title [passed and] full consideration [was] paid, except for willful default on the part of the seller, in which case the commission would be payable on demand". As it is undisputed that these conditions precedent did not occur, the plaintiff would only be entitled to its commission if it were shown that the sellers willfully defaulted under a binding sales contract *(see, Graff v Billet,* 101 AD2d 355, *affd* 64 NY2d 899).

It is clear from the record that no signed contract was ever delivered to the purchaser, even though it had been signed by the sellers. The sale fell through during the contract closing. The disagreement that resulted in the collapse of the sale was over postclosing possession. The parties therefore tore their signatures from the contract and the down payment check was returned. Thus, absent a contract of sale, the sellers were not liable for a commission *(see, Graff v Billet, supra).* Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.