■ Moseley Associates, Inc., Appellant, v New Yorker Magazine, Inc., Respondent.—Order of the Supreme Court, New York County (Kristin Booth Glen, J.), filed May 15, 1987, which denied plaintiff's cross motion for summary judgment, unanimously reversed, on the law, and the motion for summary judgment granted in the amount of $60,000, without costs.

This is an action for $120,000 allegedly due as a broker's commission for plaintiff's role in finding a printing plant for the defendant to purchase. Before answering, defendant moved, pursuant to CPLR 3211, to dismiss the complaint. Plaintiff cross-moved for summary judgment. The motion court denied both motions. No appeal has been taken from the denial of defendant's motion to dismiss the complaint.

The motion court noted that General Obligations Law § 5-701 requires that an agreement to pay a broker's commission be in writing to be enforceable. It also noted the written

evidence of an agreement to pay a fee to plaintiff, specifically a March 5, 1985 agreement between the buyer (TNY Company, Inc., a wholly owned subsidiary of the defendant) and the sellers (David O. Johnson and Ralph Griesenbeck) which contained express provisions that buyer and sellers would each pay $60,000 as plaintiff's fee, and a March 6, 1985 letter from Janet Muir of the New Yorker to plaintiff's president indicating that the plaintiff would be paid in accordance with the March 5, 1985 agreement.

Plaintiff earned its fee at the time that it found an acceptable seller for the defendant. *(Corcoran Group v Morris,* 107 AD2d 622 [1st Dept 1985].) No writing was produced which indicated an agreement between the plaintiff and the defendant that the fee would be payable only if title closed. *(See, Corcoran Group v Morris, supra; White & Sons v La Touraine-Bickford's Foods,* 50 AD2d 547 [1st Dept 1975], *affd* 40 NY2d 1039 [1976].)* The fact that the March 5, 1985 agreement between the buyer (defendant here) and the sellers and the March 6, 1985 letter from defendant to plaintiff both indicated that the buyer and sellers would each pay $60,000 to the plaintiff at the closing does not change the fact that the commission had been earned when a seller was produced for the defendant.

The motion court erred when it concluded that the evidence was that no commission was due prior to closing and that because a commission might still be due in spite of the failure to close if that failure was due solely to the fault or default of the defendant, an issue of fact was presented.

It is also clear that the March 5, 1985 agreement and the March 6, 1985 letter are evidence only that $60,000 is due from the defendant to the plaintiff. Both documents show defendant's commitment to pay that sum rather than the $120,000 demanded. Concur—Kupferman, J. P., Ross, Asch and Smith, JJ.