■ DAVID FRERKS, an Infant, by His Mother and Natural Guardian, JOANNE FRERKS, Appellant, v LOUIS IANDOLI et al., Respondents. DANIEL M. SHAPIRO et al., Nonparty Appellants. —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated July 7, 1988, which granted the defendants' applications for sanctions against the plaintiff's attorneys and set the matter down for trial, and the plaintiff's attorneys separately appeal from the same order.

Ordered that the appeals from so much of the order as set the matter down for trial are dismissed, without costs or disbursements, as an order setting a matter down for trial is not appealable as of right (see, CPLR 5701); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and the defendants' applications for sanctions are denied.

The court was without authority to impose sanctions against the appellants for what it believed to be frivolous conduct engaged in by the appellants in the course of jury selection as there was, at that time, no statutory provision or court rule permitting such imposition (see, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1; Ltown Ltd. Partnership v Sire Plan, 69 NY2d 670; Foxfire Enters. v Enterprise Holding Corp., 140 AD2d 581). A new part 130 of the Uniform Rules for New York State Trial Courts (22 NYCRR part 130) has been adopted, effective January 1, 1989, which authorizes the imposition of monetary sanctions for frivolous conduct in civil litigation. The new section applies only to acts occurring on or after the effective date and, thus, does not govern this appeal. Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.

■ MICHELE GOLDBERG, as Executrix of ESTHER GLENN, De-