MARIE A. COUGHLIN, Appellant-Respondent, v KATRINA N. NEEFUS et al., Individually and as Exec60utrices of WALTER NICKE, Deceased, et al., Respondents-Appellants.

Third Department, January 4, 1990

## APPEARANCES OF COUNSEL

*Francis J. Roche* for appellant-respondent.

*Rapport, Meyers, Griffen & Whitbeck (Lois R. Phillips* of counsel), for Katrina N. Neefus and another, respondents-appellants.

*Whiteman, Osterman & Hanna (Heather D. Diddel* and *Michael Whiteman* of counsel), for Paul J. Foley and another, respondents-appellants.

## OPINION OF THE COURT

KANE, J.

Plaintiff is a realtor who contracted in July 1987 with defendants Katrina N. Neefus and Anna M. Nicke (hereinafter collectively referred to as defendants) to sell certain real property located in the Town of Claverack, Columbia County. The exclusive listing agreement provided for plaintiff to be paid a commission if "a transfer, sale or exchange of said property is made or effected or agreed upon with anyone, whomsoever". Thereafter, plaintiff arranged for defendants to sell the property in December 1987 for $135,000 to defendants Paul J. Foley and Michele F. Foley with both the binder agreement and contract of sale providing for plaintiff's commission to be paid by defendants. The Foleys subsequently chose not to purchase the property and, pursuant to the contract of sale, forfeited a $13,500 down payment to defendants as liquidated damages. Then, after defendants' listing agreement with plaintiff expired, the property was listed with another broker and sold in the summer of 1988.

Plaintiff thereafter commenced this action against defendants for a commission due in the amount of $10,125 and against the Foleys for the value thereof, alleging that the Foleys had intentionally interfered with plaintiff's listing agreement to sell the property. All the parties eventually moved for summary judgment, with the Foleys also moving for sanctions and reimbursement against plaintiff, alleging a frivolous lawsuit. Supreme Court denied plaintiff's and defendants' motions but granted the Foleys' cross motion dismissing the complaint against them. However, Supreme Court denied the Foleys' cross motion for sanctions against plaintiff. These cross appeals followed.

We turn first to Supreme Court's denial of plaintiff's motion for summary judgment against defendants and defendants' cross motion for summary judgment dismissing the complaint against them. Both plaintiff and defendants contend that the language of the listing agreement is unambiguous. Plaintiff argues that she was entitled to her commission when the contract for sale was agreed upon and that Supreme Court erred in finding issues of fact as to whether, *inter alia*, plaintiff misrepresented to defendants that a commission was due upon an actual sale of the property. Defendants contend, *inter alia*, that when taken in context with other sections in the listing agreement, the language purported to provide for plaintiff's commission is conditioned upon an actual sale of the property.

■ It is well-established case law that, absent a contrary agreement, "a real estate broker will be deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller" *(Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42). A realtor's commission cannot be dependent on an actual sale of the property "unless the brokerage agreement with the vendor specifically so conditioned payment" *(Hecht v Meller,* 23 NY2d 301, 305) and "such a result is clearly intended" *(Colvin v Post Mtge. & Land Co.,* 225 NY 510, 516). We find the listing agreement's language, that a commission is due when a "sale * * * of said property is * * * agreed upon with anyone", unambiguously entitles plaintiff to her commission. In doing so, we reject defendants' argument that a provision in the agreement that "[s]uch compensation shall be paid if property is sold, conveyed, or otherwise transferred within 90 days after the termination of this authority * * * to anyone with whom [plaintiff] has had negotiations

prior to final termination" is a condition precedent to plaintiff's right to a commission. That provision merely allows for a commission if the property is sold, conveyed or transferred after the listing agreement expires. To interpret it otherwise would negate the clear and unambiguous purpose and meaning of the previous clause which allows for commissions upon an agreed-to contract for sale (see, 22 NY Jur 2d, Contracts, § 221, at 67-68).

■ Next, we address Supreme Court's denial of plaintiff's motion for summary judgment and the granting of the Foleys' cross motion for summary judgment dismissing the complaint against them. Plaintiff contends that the Foleys' breach of the sales contract created a triable issue of fact of whether such breach tortiously induced defendants' subsequent breach of the listing agreement. We disagree. To successfully state a cause of action for intentional interference with the listing agreement, plaintiff must plead facts sufficient to show, inter alia, defendants' "intentional interference or intentional procuring of a breach of [a valid] contract [between plaintiff and defendants] without justification" (Bryce v Wilde, 39 AD2d 291, 293, affd on opn below 31 NY2d 882). Plaintiff's allegations here are general conclusions of intentional interference without any factual support (cf., Navarro v Fiorita, 271 App Div 62, 65, affd 296 NY 783). The record is void of any evidence that even hints that the Foleys breached their contract to purchase the property "with the design of maliciously interfering with plaintiff's [brokerage] contract and depriving [her] of [her] commissions" (supra, at 65). Although the Foleys may be charged with knowledge that the listing agreement existed, the papers submitted by both plaintiff and the Foleys on their motions for summary judgment reveal that the Foleys had absolutely no contact of any relevance with defendants at any time prior to the instant lawsuit. Nor is there any indication in the record that the Foleys' failure to purchase the property in any way affected defendants' contractual performance under the listing agreement, particularly in view of the $13,500 paid to defendants by the Foleys as liquidated damages. Accordingly, Supreme Court properly denied plaintiff's motion for summary judgment and granted the Foleys' cross motion for summary judgment dismissing the complaint against them.

■ As for the Foleys' cross motion for reimbursement and sanctions against plaintiff for frivolous conduct in civil litigation (see, 22 NYCRR subpart 130-1), Supreme Court was

without authority to impose sanctions. The action and motion for summary judgment were brought by plaintiff before the effective date of the rule authorizing sanctions and thus, 22 NYCRR subpart 130-1 does not govern this appeal *(see, Frerks v Iandoli,* 147 AD2d 672).

MAHONEY, P. J., CASEY and MERCURE, JJ., concur.

Order modified, on the law, with costs to defendants Paul J. Foley and Michele F. Foley against plaintiff, by reversing so much thereof as denied plaintiff's motion for summary judgment against defendants Katrina N. Neefus and Anna M. Nicke; motion granted and summary judgment awarded to plaintiff against said defendants; and, as so modified, affirmed.