OPINION OF THE COURT
Per Curiam.
Orders entered July 14, 1992 modified by vacating the sanction awards against appellant Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C., and by reducing the sanction against appellant Ray L. LeFlore to the sum of $1,000 for each proceeding; as modified, orders affirmed, without costs.
The landlord of the subject apartment building commenced 62 separate summary proceedings for nonpayment of rent, in which respondent tenants sought rent abatements for an alleged breach of the warranty of habitability. The proceedings were jointly tried over a period of 16 weeks; generated a number of intermediate appeals and related litigation; and culminated in rent abatement awards of 5% for conditions in the dwelling’s public areas, and additional offsets in varying *567 amounts to certain tenants for conditions within their individual apartments (Solow v Wellner, 150 Misc 2d 642, mod 154 Misc 2d 737, mod 205 AD2d 339 [1st Dept]). The present appeals concern a posttrial award of sanctions under 22 NYCRR part 130 against appellant Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C. (Finkelstein, Borah), landlord’s attorney of record, in the amount of $250 per case, and sanctions against appellant Ray L. LeFlore, landlord’s trial counsel, in the amount of $3,000 per case.
There is ample evidence in the record to support the imposition of monetary sanctions against LeFlore for "frivolous conduct” within the contemplation of 22 NYCRR part 130, i.e., conduct "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another” (22 NYCRR 130-1.1 [c] [2]). In particular, counsel’s vexatious behavior, which included protracted argument on matters previously ruled upon by the court despite repeated warnings to stop, and persistent refusal to adhere to the trial court’s ruling, disrupted the proceedings and constituted the type of delaying tactics and harassment for which the imposition of sanctions is appropriate.
Moreover, it is clear that LeFlore’s argumentative and obstructionist tactics throughout the course of the joint trial unduly prolonged the resolution of each individual proceeding and the litigation as a whole, and unnecessarily taxed the resources of the court as well.
Since a joint trial preserves the integrity of the several actions and requires the entry of separate judgments and bills of costs in each case (Bank of N. Y. v Rodgers, 40 AD2d 777; Siegel, NY Prac § 127 [2d ed]), Civil Court acted within its authority and discretion when it imposed sanctions in each of the proceedings tried to completion. The amount of the sanctions awarded in each proceeding, to wit, $3,000, did not exceed the maximum permissible sanction of $10,000 "in any action or proceeding” (22 NYCRR 130-1.2; see, Leventritt v Eckstein, 206 AD2d 313 [1st Dept] [sanctions of $10,000 each imposed against party and her counsel]; compare, Matter of Entertainment Partners Group v Davis, 155 Misc 2d 894, affd 198 AD2d 63 [1st Dept] [sanctions of $10,000 imposed against each of three defendants pursuant to statutory analogue CPLR 8303-a]). In our own discretion, however, we reduce the award in each case to the sum of $1,000, an amount we deem commensurate with the prejudicial effect of counsel’s misconduct.
*568 Because of the complexity of the litigation, two law firms, appellant Finkelstein, Borah and Lerner, Lapidus & Franquina, were permitted to appear as attorney(s) of record. No sanctions were imposed upon the Lerner firm, on the ground that it did not actively participate in the trial. A different result was reached as to Finkelstein, Borah, the trial court reasoning that the latter’s furnishing of support staff to LeFlore, and the drafting of a posttrial memorandum, "freed” LeFlore to engage in disruptive and dilatory activities.
So much of 22 NYCRR part 130 as provides for the payment of sanctions by an attorney to the State’s Lawyers’ Fund for Client Protection (22 NYCRR 130-1.3) is penal in nature. Under familiar principles of statutory analysis, such provisions are accorded a narrow, and not expansive, construction (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 271, 273). While an award of sanctions may be made against an attorney personally or upon a law firm with which that attorney is associated (22 NYCRR 130-1.1 [b]), we have not been referred to any authority imputing the sanctionable conduct of outside trial counsel to counsel of record for the present purposes. In this regard, it is instructive to note that the analogous provision in the amended Federal Rules of Civil Procedure permits the imposition of sanctions only upon attorneys or law firms that have violated the court rules or "are responsible for the violation” (Fed Rules Civ Pro, rule 11 [c]).
As acknowledged in the opinion below, LeFlore was clearly in control of the management of the litigation on landlord’s behalf once the trial commenced. The trial court did not find that any member of Finkelstein, Borah individually engaged in "frivolous conduct” as defined in 22 NYCRR part 130. On this record, we hold that such professional support services as Finkelstein, Borah may have provided at trial were not calculated to, and did not, promote the improper conduct of LeFlore. Nor did the law firm’s limited role at trial rise to that level which should subject it, vicariously, to liability for trial counsel’s violation of 22 NYCRR part 130.
Accordingly, the imposition of sanctions against Finkelstein, Borah is vacated in its entirety. In reaching our conclusion, we have expressly not considered conduct which occurred prior to the January 1, 1989 effective date of 22 NYCRR part 130. The rule applies only to acts occurring on or after its effective date (Frerks v Iandoli, 147 AD2d 672).