■ PANTIGO REALTY, INC., Respondent, v ESTATE OF STEVEN SCHRENKO et al., Appellants. [672 NYS2d 369] —In an action, *inter alia,* to recover a real estate broker's commission, the defendants appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), entered March 14, 1997, which denied their motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Although as a general rule a real estate broker will be deemed to have earned a commission when the broker produces a purchaser who is ready, willing, and able to purchase the property on terms acceptable to the seller, the broker's right to a commission may be varied by agreement (*see, Sauerhoff-Kessler Realty Corp. v Roma Shopping Plaza,* 201 AD2d 477, 478; *Bigman Assocs. v Fox,* 133 AD2d 93).

The brokerage agreement here specified that it was not an "exclusive right to sell", that the broker was not entitled to a commission until title to the property was transferred to a buyer procured by the broker, and further that "the seller has the right to sell without the involvement of the broker and in this event *no* commission will be due the broker". It is

undisputed that title was never transferred to the proposed buyer whom the broker procured. Accordingly, the defendants' motion to dismiss the complaint should have been granted. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.