■ THOMAS J. HAYES & ASSOCIATES, L. L. C., Respondent, v ISLAND JEEP EAGLE, INC., et al., Appellants. [698 NYS2d 161] —In an action to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated June 22, 1999, as denied that branch of their motion which was to dismiss the first, second, and fourth causes of action pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the first, second, and fourth causes of action is granted, and the complaint is dismissed in its entirety.

The Supreme Court improperly denied that branch of the defendants' motion which was to dismiss the first, second, and fourth causes of action. The brokerage agreement at issue provided for the payment of a commission to the plaintiff if "the transaction is in fact consummated"; that is, "when, as and if title and the business transaction actually close". Although the plaintiff produced a prospective buyer for the purchase of the defendants' business, the defendants and the prospective buyer never entered into a contract for the sale. Therefore, the plaintiff is not entitled to recover any commission (*see, Graff v Billet,* 101 AD2d 355, *affd* 64 NY2d 899; *Maurice B. Cunningham, Inc. v Nugent St. Corp.,* 202 AD2d 649; *Friedland Realty v Modern Cabinets Corp.,* 194 AD2d 657; *Cook/Pony Farm Real Estate v Spartan Enters.,* 157 AD2d 766; *see also, Eastern Consol. Props. v Adelaide Realty Corp.,* 261 AD2d 225). O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.