◼ DAWN'S GOLD REALTY, Respondent, v BETTY P. DAGNESE, Appellant. [760 NYS2d 501] —In an action to recover a real estate brokerage commission, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated January 31, 2002, which affirmed an order of the City Court, City of Yonkers, Westchester County (Cerrato, J.), entered April 27, 2001, denying the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order dated January 31, 2002, is reversed, on the law, with costs, the order of the City Court, entered April 27, 2001, is reversed, the motion is granted, and the complaint is dismissed.

The plaintiff real estate broker commenced this action against the defendant seller to recover a commission. A written brokerage contract between the parties provided, inter alia, that a "commission shall be due and payable when, as and if

title passes." The Civil Court denied the defendant's motion for summary judgment dismissing the complaint. We reverse.

The defendant seller demonstrated a prima facie entitlement to judgment as a matter of law by proffering evidence that the purchaser procured by the plaintiff failed to consummate the sale and that title never passed. Thus, a condition precedent to the payment of a commission did not occur (*see Feinberg Bros. Agency v Berted Realty Co.,* 70 NY2d 828 [1987]; *Graff v Billet,* 64 NY2d 899 [1985]; *Levy v Lacey,* 22 NY2d 271 [1968]; *Cook/ Pony Farm Real Estate v Spartan Enters.,* 157 AD2d 766 [1990]; *Corcoran Group v Morris,* 107 AD2d 622 [1985], *affd* 64 NY2d 1034 [1985]). In opposition, the plaintiff failed to raise a triable issue of fact that the failure of title to pass was due to the defendant's fault or default (*see Graff v Billet, supra; Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36 [1971]; *Levy v Lacey, supra*).

The defendant's remaining contention lacks merit. Ritter, J.P., S. Miller, H. Miller and Cozier, JJ., concur.