■ VINCENT MUCERINO, Respondent, v FIRETECTOR, INC., et al., Appellants. [761 NYS2d 269] —In an action, inter alia, to recover damages for breach of an employment contract and to recover in quantum meruit, the defendants appeal from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered June 27, 2002, as denied those branches of their motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss causes of action accruing after August 1995, and for reasonable attorney's fees, court costs, and disbursements as the prevailing parties pursuant to Labor Law § 191-c (3).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants'

motion which was to dismiss causes of action accruing after August 1995 and substituting therefor a provision granting that branch of the motion and dismissing the verified amended complaint in its entirety; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On October 1, 1992, the plaintiff entered into an employment contract which provided that "effective on the second anniversary of this Agreement, Employee shall receive an increase of Salary corresponding to the change in the consumer price index for the prior 12 month period." The contract further provided that the plaintiff was entitled to commissions payable on a sliding scale set forth in "Schedule A" to the employment agreement.

The plaintiff did not commence this action until 2001, after the defendants notified him that they were not extending his contract. He demanded, inter alia, damages for breach of contract for the failure to pay him an increase based upon the consumer price index and commissions of "3% of all sales," and to recover in quantum meruit.

In his original complaint, the plaintiff demanded damages under Labor Law § 191-c (3) applicable to sales representatives as defined in Labor Law § 191-a (d). Labor Law § 191-c (3) provides that "[t]he prevailing party in any such action shall be entitled to an award of reasonable attorney's fees, court costs, and disbursements." After the defendants made a pre-answer motion to dismiss pursuant to CPLR 3211, the plaintiff served a verified amended complaint without leave of court, and the parties stipulated to withdraw the motion to dismiss. The verified amended complaint omitted the cause of action under Labor Law § 191-c (3). The defendants made a second pre-answer motion to dismiss pursuant to CPLR 3211, this time addressed to the verified amended complaint, and demanded attorneys' fees as the prevailing parties pursuant to Labor Law § 191-c (3). Although the Supreme Court dismissed all claims accruing six years before the commencement of the action as time-barred, it found that claims for increases based upon the consumer price index "accrued on plaintiff's anniversary dates" and therefore were not time-barred. Contrary to the plaintiff's contention, the contract makes no provision for mandatory increases based upon the consumer price index other than the mandatory increase on the "second anniversary" of the contract, i.e., October 1, 1994. The plaintiff's claim to that increase was time-barred. Therefore, that claim should have been dismissed.

Moreover, the plaintiff's claim for allegedly unpaid commis-

sions of "3% of all sales" should have been dismissed. Although his original contract referred to commissions on a sliding scale, there was no provision authorizing payment of "3% of all sales."

The plaintiff's third cause of action sounding in quantum meruit also should have been dismissed, on the ground that there was a valid and enforceable contract governing the very subject matter for which the plaintiff seeks to recover (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382 [1987]; *Moore v Microsoft Corp.,* 293 AD2d 587, 588 [2002]).

However, there is no basis in this record to award an attorney's fee to the defendants pursuant to Labor Law § 191-c (3) as the "prevailing" parties. The plaintiff's cause of action pursuant to that provision was voluntarily withdrawn without leave of the court before any judicial determination of the issues (*see Pastore v Sabol,* 230 AD2d 835 [1996]; *Fernandez v Southside Hosp.,* 593 F Supp 840, 843 [1984]). Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.