■ JOHN M. PHUFAS, Appellant, v CORNERSTONE NEW YORK MUNI FUND, INC., et al., Respondents. [781 NYS2d 66]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 24, 2003, which granted defendants' motion to dismiss on the basis of documentary evidence, unanimously modified, on the law, to the extent of denying the motion with respect to the third cause of action for quantum meruit, reinstating that cause of action, and otherwise affirmed, without costs.

The clear and unambiguous language of the brokerage agreement provided that plaintiff would earn a commission "only if, as and when and not unless and until" the following occurred: (1) a written contract of sale satisfactory to the seller, fully executed and conditionally delivered to the parties thereto, (2) a closing of the sale, delivery of the deed and acceptance by the purchaser, and (3) the seller's receipt of the aggregate price pursuant to the contract. The parties' agreement thus speaks exclusively of a sale (*see Corcoran Group v Morris*, 107 AD2d 622 [1985], *affd* 64 NY2d 1034 [1985]); the taking of the premises by condemnation was not an event that triggered the right to a commission (*Matter of New York City School Constr. Auth. [Briguglio—Empress Realty]*, 288 AD2d 224, 226 [2001]). Nor can plaintiff recover under his second and fourth causes of action for quantum meruit, which only applies in the absence of an express agreement (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382 [1987]).

However, plaintiff's third cause of action seeks to recover in quantum meruit for services performed at Cornerstone's behest to obtain clear and marketable title, resulting in a settlement with a certain Mr. Bartholomei in order to quiet title. Such services are arguably separate from and not the type generally contemplated by an exclusive brokerage agreement or within the scope of the parties' agreement here. Concur—Nardelli, J.P., Mazzarelli, Andrias, Gonzalez and Sweeny, JJ.