COOPER, BAMUNDO, HECHT & LONGWORTH, LLP, Respondent, v GREGORY KUCZINSKI et al., Appellants. [789 NYS2d 508]—

In an action, inter alia, to recover damages for breach of contract and to impose a constructive trust upon certain assets of the defendants, the defendants appeal from so much of an order of the Supreme Court, Kings County (Garry, J.), dated October 13, 2003, as granted those branches of the plaintiff's motion which were to impose a constructive trust upon certain of their assets, to provide an accounting as to certain fees, to compel discovery as to certain pending cases, and to provide all closing statements filed with the Office of Court Administration as to certain cases, and denied those branches of the defendants' motion which were to dismiss the plaintiffs' causes of action sounding in breach of contract, unjust enrichment, quantum meruit, for an accounting, and to impose a constructive trust.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were to dismiss the causes of action sounding in unjust enrichment and quantum meruit and substituting therefor a provision granting those branches of the defendants'

motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Gregory Kuczinski, a former employee of the plaintiff, was fired after he allegedly solicited the plaintiff's clients for his own legal practice. The plaintiff commenced an action (hereinafter the prior litigation) to recover damages, inter alia, for breach of contract, against, amongst others, Kuczinski and his professional corporation, the defendant Kuczinski & Associates, P.C. The parties entered into a settlement agreement (hereinafter the agreement) which resolved and settled "the termination of their employment agreement and distribution of file and fee disputes" and which resulted in a stipulation of discontinuance of the prior litigation.

After the defendants allegedly failed to remit to the plaintiff the portion of fees to which it was entitled under the agreement, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and to impose a constructive trust.

To impose a constructive trust, a plaintiff must set forth the following elements: "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" (*Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *see Levy v Moran,* 270 AD2d 314, 315 [2000]). Here, the plaintiff established its entitlement to a constructive trust and the defendants failed to present any evidence to refute such showing. Therefore, the Supreme Court properly granted that branch of the plaintiff's motion which was to impose a constructive trust and denied that branch of the defendants' motion which was to dismiss that cause of action.

Contrary to the defendants' contention, the agreement between the parties fell within the purview of Code of Professional Responsibility DR 2-107 (b) (22 NYCRR 1200.12 [b]) and was not subject to the prohibition against fee-splitting among unaffiliated attorneys as set forth in Code of Professional Responsibility DR 2-107 (a) (22 NYCRR 1200.12 [a]) (*see Hendler & Murray v Lambert,* 147 AD2d 444, 446 [1989]). Therefore, the Supreme Court correctly denied that branch of the defendants' motion which was to dismiss the plaintiff's cause of action sounding in breach of contract.

However, the Supreme Court erred in denying that branch of the defendants' motion which was to dismiss the cause of action sounding in unjust enrichment since it was duplicative of the cause of action to recover damages for breach of contract (*see Bettan v Geico Gen. Ins. Co.,* 296 AD2d 469, 470 [2002]; *Poppe Gen. Contr. v Town of Ramapo,* 280 AD2d 667, 668 [2001]).

Similarly, the Supreme Court erred in denying that branch of the defendants' motion which was to dismiss the cause of action sounding in quantum meruit since the existence of an express contract between the parties governing the particular subject matter precludes recovery under such a theory (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 389 [1987]; *Mucerino v Firetector, Inc.,* 306 AD2d 330, 332 [2003]).

The defendants' remaining contentions are without merit. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.