■ BATTERY PARK REALTY, INC., et al., Appellants, v RKO DELAWARE, INC., et al., Respondents, et al., Defendants. [795 NYS2d 351]—

In an action, inter alia, to recover a real estate brokerage commission, the plaintiffs appeal from an order of the Supreme Court, Queens County (Kelly, J.), dated December 4, 2003, which granted the motion of the defendants RKO Delaware, Inc., and Thomas Huang to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Although it is generally the case that a real estate broker will be entitled to a commission when the broker produces a purchaser who is ready, willing, and able to purchase on the seller's term, "the broker's right to a commission may be varied by agreement" (*Pantigo Realty v Estate of Schrenko*, 249 AD2d 525, 525 [1998]; *Cook/Pony Farm Real Estate v Spartan Enters.*, 157 AD2d 766 [1990]; *Lane-Real Estate Dept. Store v Muchnick*, 145 AD2d 469 [1988]; *LaRosa Realty v Kim*, 123 AD2d 839, 840 [1986]). Here, the brokerage agreement provided that the plaintiffs, real estate brokers, were entitled to a commission if the defendant Thomas Huang sold the subject real property to the defendant Lester Dworman or if Huang developed the property with Dworman, developed the property himself, or developed the property with any other entities introduced by the plaintiff Margaret Liu. It is undisputed that none of these events transpired. Accordingly, the motion of Huang and the defendant RKO Delaware, Inc. (hereinafter the respondents), to dismiss the cause of action to recover a real estate brokerage commission under the brokerage agreement insofar as asserted against them was properly granted.

Further, the second cause of action sounding in quantum meruit was properly dismissed insofar as asserted against the respondents. A valid and enforceable contract governed the relationship between the parties with respect to the subject matter for which the plaintiffs sought to recover (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Cooper, Bamundo, Hecht & Longworth, LLP v Kuczinski*, 14 AD3d 644 [2005]; *Mucerino v Firetector, Inc.*, 306 AD2d 330, 332 [2003]). Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.