◼ NORMA REYNOLDS REALTY, INC., Appellant, v SANFORD EDELMAN et al., Respondents. [817 NYS2d 85]—

In an action, inter alia, to recover a real estate brokerage commission, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated January 5, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment against the defendants in the sum of $275,000.

Ordered that the order is affirmed, with costs.

The fundamental precept of contract interpretation is that written agreements are construed in accordance with the parties' intent (*see Belle Harbor Wash. Hotel, Inc. v Jefferson Omega Corp.*, 17 AD3d 612 [2005]). A written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms (*see Civil Serv. Empls. Assn., Inc. v Plainedge Union Free School Dist.*, 12 AD3d 395, 396 [2004]). A contract is unambiguous if the language it uses has "a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (*Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *see Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc.*, 10 AD3d 699 [2004]).

Here, the language of the agreement was unambiguous. The agreement provided that the broker's "commission to be paid . . . shall only be due and paid as, if and when title closes" (*see Battery Park Realty, Inc. v RKO Del., Inc.*, 18 AD3d 680, 681 [2005]). To eliminate any possible claim to a commission by the plaintiff in a situation where title to the deposit changed hands but title to the real estate did not, a subsequent provision in the agreement provided that "[i]n the event that title fails to close for any reason whatsoever and the seller retains the down payment as liquidated damages, the broker shall not be entitled to

any compensation in connection with the down payment." The Supreme Court properly rejected the plaintiff's contention that it was entitled to a commission, as it is undisputed that title did not close (*see Dawn's Gold Realty v Dagnese*, 304 AD2d 519 [2003]; *Kaplon-Belo Assoc. v McKesson Corp.*, 279 AD2d 554 [2001]; *Thomas J. Hayes & Assoc. v Island Jeep Eagle*, 266 AD2d 386 [1999]). Accordingly, the Supreme Court correctly granted the defendants' motion for summary judgment and denied the plaintiff's cross motion for summary judgment (*see Belle Harbor Wash. Hotel, Inc. v Jefferson Omega Corp., supra; Taurone v Presidential Life Ins. Co.*, 301 AD2d 587 [2003]; *Coughlin v Neefus*, 153 AD2d 78, 80-81 [1990]).

The plaintiff's remaining contention is without merit. Miller, J.P., Luciano, Lifson and Covello, JJ., concur.