■ LIGGETT REALTORS, INC., et al., Appellants, v HELEN GRESHAM, Respondent. [831 NYS2d 59]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 30, 2005, which denied plaintiffs' motion for summary judgment and granted defendant's cross motion to dismiss the complaint, unanimously affirmed, with costs.

Although a real estate broker is generally entitled to a commission when it produces a buyer who is ready, willing and able to purchase on the seller's terms, "the broker's right to a commission may be varied by agreement" (*Pantigo Realty v Estate of Schrenko*, 249 AD2d 525, 525 [1998]). Here, the brokerage agreement unambiguously provided for payment of the commission "[a]t the closing of sale of the apartment, provided you have provided a qualified buyer and the deal consummates." The obligation to pay a broker's commission upon consummation of sale requires a formal act of closing (*see Donald Yoo [N.Y.] Corp. v Tauber & Assoc.*, 281 AD2d 171 [2001]). Absent any specific commitment by the seller to enter into the sales contract, which the buyer's counsel had conditioned, among other things, on execution within 24 hours, plaintiffs are not entitled to a brokerage commission (*see Graff v Billet*, 64 NY2d 899 [1985], *affg* 101 AD2d 355 [1984]; *Corcoran Group v Morris*, 107 AD2d 622 [1985], *affd* 64 NY2d 1034 [1985]). The documentary evidence establishes that the conditions precedent to plaintiffs earning the commission were not fulfilled because the deal was never consummated (*see Battery Park Realty, Inc. v RKO Del., Inc.*, 18 AD3d 680 [2005]; *Thomas J. Hayes & Assoc. v Island Jeep Eagle*, 266 AD2d 386 [1999]). Concur—Friedman, J.P., Marlow, Sweeny, Catterson and Malone, JJ.