■ TAMIR SAPIR, Appellant, v GREGORY HOVAS et al., Respondents. [897 NYS2d 92]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 23, 2009, which granted defendants' motion for summary judgment dismissing the complaint and declaring their entitlement to a $1.3 million down payment held in escrow, unanimously affirmed, with costs.

The dispute involves a contract for the purchase of a substantial piece of property on Acapulco Bay, known as Villa Arabesque. When the transaction did not close, the buyer brought this action for return of his deposit.

The letter of deposit, whereby plaintiff agreed to purchase the property, portions of which were held in trust under Mexican law, was a valid and enforceable document. The relevant trust documents gave defendants the authority to direct the transfer

of the property of which they were the beneficial owners. The agreement, signed by all parties, constituted "a legal and binding obligation . . . enforceable . . . in accordance with its terms."

The agreement established a purchase price, and made remedies available to the parties in the event of a dispute. Plaintiff's failure to tender performance or give defendants a reasonable time to cure an alleged defect was an anticipatory breach warranting a declaration of default against him, and retention of the deposit as liquidated damages (see *Water St. Dev. Corp. v City of New York*, 220 AD2d 289, 291 [1995], *lv denied* 88 NY2d 809 [1996]).

Under the plain language of the contract, the failure of the parties to agree upon a list of furnishings to be sold with the house did not render the contract unenforceable. Contrary to plaintiff's contention, the agreement did not omit material terms; his novel argument that a further written contract was required cannot be considered for the first time on appeal (see *Omansky v Whitacre*, 55 AD3d 373 [2008]). Concur—Gonzalez, P.J., Moskowitz, Freedman, Richter and Román, JJ.