■ DEMET SABANCI CETINDOGAN, Respondent, v HARVEY B. SCHUYLER, Appellant. [944 NYS2d 88]—

Order, Supreme Court, New York County (Louis B. York, J.), entered April 11, 2011, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment, or, in the alternative, to compel disclosure, unanimously modified, on the law, plaintiff's motion denied, defendant's cross motion granted to the extent of directing plaintiff to respond to defendant's demand for production of documents and notice of plaintiff's deposition, and otherwise affirmed, without costs.

Plaintiff met her prima facie burden of establishing that she was entitled to the return of the contract deposit by submitting evidence, in admissible form, that she satisfied the conditions and fully performed her duties under the parties' contract (*see Jangana v Cogan*, 76 AD3d 907, 908 [2010]; *Sapir v Hovas*, 71 AD3d 566 [2010]; *Rosenthal v Oakes*, 41 AD3d 305, 306 [2007]).

However, defendant raised an issue of fact in opposition. In support of his motion for summary judgment, defendant submitted the contract of sale, in which plaintiff represented that she and her husband would be the apartment's only occupants. Moreover, by executing the contract, at paragraph 5 plaintiff represented that she had examined and was satisfied with, or accepted and assumed the risk of not having examined, the cooperative's bylaws and house rules, which limit the occupancy of the apartment and prohibit pets. After the parties executed the contract, plaintiff sent an email to the broker, stating that her children "must stay in the apartment as long as they want without" her and her husband, and that this was "not negotiable." Defendant also submitted an affidavit stating that a member of the board, who was present at plaintiff's interview, told defendant that plaintiff stated her intent not to abide by the cooperative's rules.

Affording defendant, as the opponent of plaintiff's summary judgment motion, the benefit of all favorable inferences, we conclude that he has raised an issue of fact as to whether plaintiff acted in bad faith by sabotaging the board interview (*see Alter v Levine*, 57 AD3d 923, 924 [2008]). Defendant is entitled to discovery to explore these material factual issues (*see* CPLR 3212 [f]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, De-Grasse, Abdus-Salaam and Román, JJ. **[Prior Case History: 2011 NY Slip Op 30871(U).]**