Nissan Mizrahi, Appellant, v Gregory R. Hovas et al., Respondents. [30 NYS3d 859]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered January 29, 2015, which granted defendants' motion, pursuant to CPLR 3211 (a) (7), to dismiss the amended complaint for failure to state a cause of action, unanimously affirmed, without costs.

Although a real estate broker who produces a person ready and willing to enter into a contract upon the seller's terms, is generally entitled to a commission, the "parties to a brokerage agreement are free to add whatever conditions they may wish to their agreement" (*Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d 828, 830 [1987], citing *Levy v Lacey*, 22 NY2d 271, 274 [1968]). The brokerage agreements unambiguously conditioned plaintiff's entitlement to a commission on the "sale" and "purchase" of the subject property, which commission was to be paid at closing. As the sale was never consummated, and no closing took place, plaintiff did not earn his commission (*see Liggett Realtors, Inc. v Gresham*, 38 AD3d 214 [1st Dept 2007]; *Corcoran Group v Morris*, 107 AD2d 622, 623-624 [1st Dept 1985], *affd* 64 NY2d 1034 [1985]). Contrary to plaintiff's contention on appeal, there is no indication that defendants'

failure to close was the result of their conduct. Indeed, in *Sapir v Hovas* (71 AD3d 566 [1st Dept 2010]), a prior action involving this same aborted sale, this Court affirmed the dismissal of the *purchaser's* action for recovery of the down payment, on the ground that he was the defaulting party.

We have considered appellant's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Gesmer, JJ.